BAC Home Loan Servicing, LP v MacPherson
2026 NY Slip Op 03285
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

BAC Home Loan Servicing, LP, etc., respondent,
v
Donald MacPherson, et al., defendants, Creative Forms, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2022-06618, 2023-03230, (Index No. 37820/07)
Colleen D. Duffy, J.P.
Paul Wooten
Phillip Hom
Elena Goldberg Velazquez, JJ.

Warner & Scheuerman, New York, NY (Jonathan D. Warner and Karl E. Scheuerman of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Chadwick Devlin of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Creative Forms, Inc., appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 13, 2022, and (2) an order of the same court also dated July 13, 2022. The first order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add Creative Forms, Inc., as a defendant. The second order granted the same relief to the plaintiff and directed that the complaint be amended in accordance therewith.
ORDERED that the orders are affirmed, with one bill of costs.
In December 2007, the plaintiff commenced this action against, among others, the defendant Donald MacPherson to foreclose a mortgage on certain real property located in Southampton (hereinafter the property). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against MacPherson and for an order of reference. In an order dated October 27, 2010, the Supreme Court granted the plaintiff's motion. On December 7, 2017, a judgment of foreclosure and sale was entered directing the sale of the property.
Subsequently, Creative Forms, Inc. (hereinafter CFI), moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale. CFI asserted that it was the titled owner of the property as of the commencement of this action, having obtained title to the property from CFI's owner and chief executive officer (hereinafter CEO), MacPherson, and that it had not been named as a defendant in this action. In an order dated May 16, 2018, the Supreme Court granted CFI's motion to vacate the judgment of foreclosure and sale.
In September 2018, the plaintiff moved pursuant to CPLR 2004 and 306-b for an extension of time to serve CFI with the summons and complaint for good cause shown and in the interests of justice. In an order dated January 17, 2020 (hereinafter the January 2020 order), the Supreme Court denied the plaintiff's motion, determining, among other things, that CFI "would be [*2]prejudiced should plaintiff's application be granted."
In December 2021, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add CFI as a defendant pursuant to the relation-back doctrine. CFI opposed the plaintiff's motion, arguing, inter alia, that the Supreme Court's determination in the January 2020 order that CFI would be prejudiced by granting the plaintiff an extension of time to serve it with the summons and complaint constituted the law of the case. In an order dated July 13, 2022, the court granted the plaintiff's motion. In another order of the same date, the court granted the same relief to the plaintiff and directed that the complaint be amended in accordance therewith. CFI appeals.
Initially, CFI contends that the doctrine of law of the case precluded the Supreme Court from granting the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint based on the determination in the January 2020 order that CFI would be prejudiced by granting the plaintiff an extension of time to serve CFI with the summons and complaint. However, this Court is not bound by the law of the case doctrine, and we will consider the merits of the plaintiff's motion for leave to amend the complaint to add CFI as a defendant pursuant to the relation-back doctrine (see Lacanfora v Tully, 241 AD3d 667, 669).
"Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (LaSalle Bank N.A. v Abedin, 236 AD3d 773, 776 [internal quotation marks omitted]). "Amendments that seek to add a time-barred claim or party will be found to be patently devoid of merit, unless the untimeliness can be saved by application of the relation-back doctrine" (Bisono v Mist Enters., Inc., 231 AD3d 134, 140 [citations omitted]). Pursuant to CPLR 203(c) and (f), "the relation-back doctrine permits, under certain defined circumstances, the commencement of claims against a party that has not been timely sued, but which relate back to the original timely complaint" (Bisono v Mist Enters., Inc., 231 AD3d at 141; see Buran v Coupal, 87 NY2d 173, 177-178). A plaintiff establishes the applicability of the relation-back doctrine "by demonstrating that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his [or] her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well" (OneWest Bank N.A. v Muller, 189 AD3d 853, 855-856 [internal quotation marks omitted]; see Buran v Coupal, 87 NY2d at 178). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Lacanfora v Tully, 241 AD3d at 669 [internal quotation marks omitted]; see OneWest Bank N.A. v Muller, 189 AD3d at 856).
Here, CFI does not dispute that the plaintiff satisfied the first prong, as "the claim against it arose out of the same conduct, transaction, or occurrence as alleged in the initial pleading" (Lacanfora v Tully, 241 AD3d at 669).
With regard to the second prong, the plaintiff established that, at the time the action was commenced, CFI was owned by MacPherson, who was also its CEO, and thus, CFI was united in interest with MacPherson, who was originally named as a defendant in this action (see Castagna v Almaghrabi, 117 AD3d 666, 667). Thus, "by reason of that relationship, [CFI could] be charged with such notice of the institution of the action that [it would] not be prejudiced in maintaining [its] defense on the merits" (OneWest Bank N.A. v Muller, 189 AD3d at 855-856).
With regard to the third prong, as CFI acknowledges, "New York law requires merely mistake—not excusable mistake—on the part of the litigant seeking the benefit of the [relation back] doctrine" (Buran v Coupal, 87 NY2d at 176; see OneWest Bank N.A. v Muller, 189 AD3d at 856). Further, contrary to CFI's contentions, "[w]ith regard to the third prong, the relation-back doctrine 'is not limited to cases where the amending party's omission results from doubts regarding the omitted party's identity or status'" (Lacanfora v Tully, 241 AD3d at 670, quoting Matter of Nemeth v K-Tooling, 40 NY3d 405, 410). "Rather, the doctrine applies when the party knew or should have [*3]known that, but for the mistake—be it a simple oversight or a mistake of law (i.e., that the amending party failed to recognize the other party as a legally necessary party)—the non-amending party would have been named initially'" (Matter of Nemeth v K-Tooling, 40 NY3d at 412, citing Buran v Coupal, 87 NY2d at 176). Here, in its capacity as owner of the property that was subject to the mortgage, CFI "could not have understood [its] omission to be anything other than an oversight" (id. at 414). Moreover, "[n]othing in the record before us even suggests that [the plaintiff] initially omitted [CFI] 'in order to obtain a tactical advantage in the litigation.' Although omission of a necessary party does not automatically establish a mistake, here there is no evidence of an attempt to game the system" (id., quoting Buran v Coupal, 87 NY2d at 180-181).
Further, "'[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side'" (Flowers v Mombrun, 212 AD3d 713, 715, quoting Shields v Darpoh, 207 AD3d 586, 587). "'The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position'" (id., quoting Redd v Village of Freeport, 150 AD3d 780, 781). CFI has failed to meet that burden.
CFI's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add CFI as a defendant.
DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court